UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL AMERICA INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-5517** |
| **WIN-CON ENTERPRISES, INC., STAN C. RUYLE, JAMES LYNN PERKINDS, AND CATHERINE LADELL PERKINS** | **SECTION: "C"** |

## ORDER AND REASONS

This matter comes before the Court on a Motion for Reconsideration filed by the plaintiff, National American Insurance Company ("National American") (Rec. Doc. 41). National American seeks reconsideration of part of this Court's order of December 13, 2006 (Rec. Doc. 40), which granted in part and denied in part National American's motion for partial summary judgment. Specifically, National American asks the Court to reconsider the part of that ruling which finds that the last demand for attorneys fees and costs incurred in the state court proceeding was on July 14, 2005. Defendants, Stan Ruyle, James Perkins, Catherine Ladell Perkins and Win-Con Enterprises Inc. (collectively "Defendants") oppose the motion. They claim that the motion should be denied because it is essentially a motion for summary judgment that was improperly filed and, alternatively, that the motion is supported by inadmissible hearsay. The motion is before the Court on the briefs, without oral argument. Having considered

the arguments of counsel, the record and the applicable law, the Court finds that partially granting the motion to reconsider is appropriate.

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms.  See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.  See, *Id.*  The Court rendered its order on National American's motion for partial summary judgment on December 13, 2006.  National American filed its motion for reconsideration on December 19, 2006, within 10 days after the Court's ruling.

Therefore, Rule 59(e) governs National American's Motion for Reconsideration.  In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds,* 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

Here, National American argues that this Court committed a clear and manifest error of fact.  National American asserts that it has made demands for attorneys fees and costs upon the defendants since July 14, 2005 and that this ongoing litigation should be considered a continuing demand.  Thus, National American asserts that this Court ignored the facts and arbitrarily set July 14, 2005 as the date of demand for attorneys fees and costs.

To support its claim for attorneys fees and costs, National American relies on the terms of the indemnity agreement, which provides in paragraph 2:

> <u>Indemnification.</u> The [Defendants] will perform all of the
> conditions of each bond or obligation, and any and all alternations,
> modifications, renewals, continuations and extensions thereof, and
> will at all times *indemnify* and save [National American] harmless
> from and against every claim, demand, liability, loss, cost, charge,
> *counsel fees*, fault, order, judgment (or other adjudication), and
> any expense or liability, of whatever nature <u>arising from or related
> to the execution of any such bond</u> or obligation upon demand <u>of
> [National American] and whether actually payable, paid or incurred at the time of demand</u>.

The Court has found that the Indemnity Agreement was a binding, continuous contract and that the indemnity provision entitled National American to its attorneys fees and costs incurred in the state court proceedings. See, Rec. Doc. 40. In making that decision, the Court focused on the wording that the Defendants are liable for the attorneys fees and costs that are "payable, paid or incurred at the time of demand." The Court found that National American made a "demand" on Defendants for attorneys fees and costs by a letter dated July 14, 2005, which demanded indemnity per the terms of the Indemnity Agreement for attorney's fees that it had already incurred to that point. See, Rec. Doc. 1. Furthermore, the Court found that the letter's demands for collateral and security under Louisiana Civil Code article 3053 for future attorneys fees and costs in the state court matter was ineffective because Oklahoma, not Louisiana, law applies to the Indemnity Agreement. Thus, the Court limited the Defendants' responsibility for National American's attorneys fees and costs to those fees and costs incurred before July 14, 2005.

National American asks the Court to reconsider the imposed cut-off date for its attorneys fees and costs. It asks the Court to consider this lawsuit an ongoing demand for attorneys fees and costs. The Court declines to do so because that would render the phase in the Indemnity Agreement, which limits attorneys fees to those which are "actually payable, paid or incurred at

3

the time of demand" essentially meaningless and open the Defendants to virtually unlimited liability for attorneys fees and costs. However, National American is correct that the filing of this lawsuit constitutes a demand for attorneys fees.  Thus, the Court will consider the filing of the complaint as a demand for attorneys fees and costs incurred in the state court proceedings and the Defendants shall be liable for National American's attorneys fees and costs that it incurred in the state court proceedings up to the date of the filing of the compliant, i.e. November 10, 2005.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that National American's Motion for Reconsideration is **PARTIALLY GRANTED AND PARTIALLY DENIED**.

New Orleans, Louisiana this 8th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4